IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM FERG,

                Plaintiff,

   v.                                                          OPINION & ORDER

NANCY A. BERRYHILL,                                     15-cv-665-jdp
   Acting Commissioner of Social Security,

                Defendant.[1]

---

Plaintiff William Ferg filed this lawsuit in 2015, seeking review of an administrative decision that denied his request for disability benefits under the Social Security Act. After Ferg filed a motion for summary judgment, the court granted the parties' joint motion for a remand and directed the Commissioner to further consider Ferg's residual functional capacity and obtain supplemental vocation expert testimony if needed. Dkt. 12. The court also awarded attorney fees in the amount of $5,100 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 45.

On remand, Ferg obtained a favorable decision and an award of benefits from the Commissioner. As a result, Ferg's counsel, Dana Duncan, seeks a representative fee award pursuant to 42 U.S.C. § 406(b), which allows the court to award a prevailing plaintiff's attorney a reasonable fee, but no greater than 25 percent of past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). *See also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the [contingency-fee] contract so long as the court has

---

[1] The court has amended the caption to reflect the current acting commissioner of the agency.

reviewed its reasonableness."). Duncan has an agreement with Ferg that allows Duncan to keep 25 percent of the past-due benefits.

When evaluating a request for fees under § 406(b) for reasonableness, a court may consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Court provided two instances in which it would be appropriate to reduce an award. First, "[i]f the attorney is responsible for delay, . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Second, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* This court has considered factors such as the attorney's experience, reputation and ability as well as awards in similar cases. *Westlund v. Berryhill*, No. 15-cv-450, 2017 WL 2389724, at *1 (W.D. Wis. June 1, 2017) (citing *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005), and *McGuire*, 873 F.2d at 979, 983).

In his opening brief, Duncan represents that 25 percent of the benefits awarded is $25,367.25 and that he is seeking $10,000 from the agency for administrative time, leaving a fee request in this court of $15,367.25. He asks the court to award $10,267.25 to him and to direct the agency to give the remaining $5,100 to Ferg to account for the $5,100 Duncan already received in accordance with § 406(b). *Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (internal quotations and alterations omitted).

The Commissioner doesn't object to Duncan's request, with two exceptions: (1) Duncan overstated the amount that represents 25% of the award by $756.25; and (2) because

the agency mistakenly failed to withhold more than $8,000 from Ferg for attorney fees, the court should not direct the agency to pay $5,100 to Ferg.

In his reply brief, Duncan acknowledges that he erred in calculating Ferg's benefits and that 25 percent of past-due benefits is actually $24,611, resulting in a fee request of $14,611 after subtracting Duncan's $10,000 fee petition before the agency. Duncan also maintains his request that the agency pay $5,100 to Ferg, but he doesn't respond to the Commissioner's observation that Ferg already received significantly more than that because the agency mistakenly failed to withhold attorney fees from the award of benefits. For the reasons explained below, the court will grant Duncan's request for fees, but will not direct the agency to pay an additional $5,100 to Ferg.

Duncan represents that his team spent 40.95 hours litigating Ferg's case before this court (18.8 hours in attorney time and 22.15 hours in paralegal and administrative time). Excluding the paralegal time, Duncan's requested award represents an equivalent hourly rate of $777.18. But it is appropriate in assessing a reasonable fee to consider paralegal time as well. *Richlin Sec'y Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (reasonable attorney fees under Equal Access to Justice Act includes paralegal time); *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (reasonable attorney fees under 42 U.S.C. § 1988 includes paralegal time). If Duncan's paralegal time is included at the rate he suggests ($125 an hour), the equivalent rate for attorney time is $629.94.

The equivalent rate Duncan requests is high, but similar to rates approved by this court in other cases. *E.g., Palmer v. Berryhill,* No. 16-cv-681, 2018 WL 2248422, at *1 (W.D. Wis. May 16, 2018) (approving effective rate of $614 an hour); *Stemper v. Astrue*, No. 04-cv-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving effective rate of $666 an

3

hour). In light of Duncan's experience, the result he obtained, the risk he incurred, and the amounts awarded in similar cases, I conclude that the requested fee is reasonable.

Because the court already awarded $5,100 to Duncan under EAJA, Duncan asks the court to subtract that amount from his award, leaving $9,511. He asks the court to direct the agency to give the $5,100 to Ferg instead, but he doesn't explain why. He doesn't dispute the Commissioner's representation that the agency already gave Ferg more than $8,000 that should have been reserved for attorney fees, so directing the agency to give $5,100 to Ferg would give him a windfall. Because Duncan cites no authority that would require that result, the court will not direct the agency to pay Ferg an additional amount.

ORDER

IT IS ORDERED that Dana Duncan's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 17, is GRANTED. The court approves the representative fee of $9,511.

Entered July 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge